UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-22887-CIV-MARTINEZ

CARLOS ALBERTO COBAS JIMENEZ,

      Plaintiff,

v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

      Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on Petitioner Carlos Alberto Cobas Jimenez's *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [ECF No. 1]. Petitioner was in immigration detention at Respondent Krome North Service Processing Center at the time the Petition was filed. (*See* Pet.). He seeks to challenge his continued detention without an individualized bond hearing and moves to proceed *in forma pauperis*. (*See generally* Pet.; *see also* IFP Motion [ECF No. 3]). For the reasons set forth below, and upon application of the screening provisions pursuant to 28 U.S.C. § 1915(e), the Court finds that the doctrine of res judiciata bars this suit, and the Petition is **DISMISSED WITH PREJUDICE.**

The Court has reviewed previous Petitions filed by Petitioner in this District, including *Cobas Jimenez v. Warden, Krome SPC*, Case No. 26-cv-21475-WPD (S.D. Fla.) before the Honorable William P. Dimitrouleas (the "First Petition") and *Cobas Jimenez v. Dep't Homeland Sec. et al.*, Case No. 26-cv-22591-KMM (S.D. Fla.) before the Honorable K. Michael Moore (the "Second Petition"). Upon the Court's review, the petitions in the previous cases and the Petition in the instant action are substantively identical.

On March 31, 2026, Judge Dimitrouleas issued an Order Denying Petition for Writ of Habeas Corpus, finding that "[u]pon careful consideration of the arguments presented by both sides, the Court is persuaded by the Respondents' Response" such that "Petitioner is lawfully detained under 8 U.S.C. § 1226(c)" and therefore not entitled to be released on bond. *See generally Cobas Jimenez*, No. 26-cv-21475-WPD (S.D. Fla. Mar. 31, 2026) [ECF No. 11]. Therein, Judge Dimitrouleas denied the Amended Petition and closed the case, with no provisions that would allow for amendment or repleading. *See id.* at 2.

On April 17, 2026, Judge Moore issued an Order denying the petition, finding that the petition "must be dismissed *with prejudice* because res judicata bars the lawsuit from proceeding." *See generally Cobas Jimenez*, No. 26-cv-22591-KMM (S.D. Fla. Apr. 17, 2026) [ECF No. 5] (the "Dismissal Order") (emphasis added).

As Petitioner brings the exact same claims that were already dismissed with prejudice because res judicata barred the case from proceeding, the instant action must be dismissed with prejudice too. *See Otoh v. Fed. Nat'l Mortg. Ass'n*, No. 24-12431, 2025 WL 915028, at *4 (11th Cir. Mar. 26, 2025) (holding that res judicata applies and a claim is precluded if "(1) there was a final judgment on the merits in the prior suit; (2) the judgment in that suit was rendered by a court of competent jurisdiction; (3) both suits involve identical parties or their privies; and (4) both suits involve the same cause of action.") (citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001).

Accordingly, it is **ORDERED AND ADJUDGED** that the Petition [ECF No. 1], is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to **CLOSE** this case. Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this _7 day of July 2026.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:    all counsel of record

2